USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/17/2019_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
EDDY TOUSSAINT,

                Plaintiff,

-against-

CITY OF NEW YORK, THE DEPARTMENT
FOR THE AGING, CARYN RESNICK, SAL
RULLAN, JOHN DOE(S) and JANE DOE(S)
(names currently unknown), each in his/her
official and individual capacities,

                Defendants.

19 Civ. 1239 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On June 17, 2019, the Court entered a civil case management plan and scheduling order, setting October 15, 2019 as the close of fact discovery. ECF No. 29 ¶ 5. On October 9, 2019, Plaintiff filed his first request for an extension of the fact discovery deadline. ECF No. 49. The Court granted the request by extending fact discovery to November 11, 2019, and warned, "No further extensions of fact discovery shall be granted." ECF No. 51 at 2. On November 15, 2019, Plaintiff filed a second request for an extension of the fact discovery deadline. ECF No. 53. That same day, the Court denied the request as untimely under Rule I.C of the Court's Individual Practices in Civil Cases, and as contrary to its prior order at ECF No. 51. ECF No. 54. On December 11, 2019, Plaintiff sought reconsideration of the Court's denial of fact discovery extension. ECF No. 61. On December 16, 2019, Defendants filed their opposition to the motion for reconsideration. ECF No. 64.

"Reconsideration of a court's prior order . . . is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *A.P. Moller-Maersk A/S* v. *AGX Intermodal, Inc.*, No. 12 Civ. 7166, 2014 WL 5315035, at *1 (S.D.N.Y. June 2, 2014) (internal quotation marks and citation omitted). "A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, v. *YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted). Plaintiff's motion does not satisfy any of these grounds.

First, Plaintiff fails to cite to a change of controlling law or availability of new evidence. *See generally* ECF No. 61.

Second, Plaintiff fails to establish that reconsideration is warranted to correct a clear error or prevent manifest injustice. There is no clear error, as Plaintiff's request for a second extension of time was submitted four days after the close of fact discovery, in contravention of Rule I.C of the Court's Individual Practices in Civil Cases. *See also Wood v. FBI*, 432 F.3d 78, 84 (2d Cir. 2005) ("A district court has broad discretion to manage pre-trial discovery.").

Additionally, Plaintiff has failed to show that manifest injustice would result. The deadline for serving interrogatories and initial requests for production had been set for July 12, 2019, but the parties were permitted to alter these interim deadlines without approval of the Court. ECF No. 29 ¶¶ 6(a)-(b). Plaintiff, however, failed to serve discovery requests until either September 30 or October 1, 2019. *See* ECF Nos. 49 at 1, 61 at 1. Whether served on September 30 or October 1, 2019, Plaintiff's discovery request was untimely given that Defendants would have been entitled to 30 days to respond to such requests, Fed. R. Civ. 34(b)(2), and such a response deadline would have been after the fact discovery deadline. In its equitable discretion, the Court granted a limited extension of discovery to permit Plaintiff to serve and receive one round of discovery, despite Plaintiff's unexplained delay in serving his initial discovery requests. *See generally* ECF No. 49 (requesting an extension of fact discovery but failing to explain why Plaintiff did not serve his discovery requests earlier in the discovery period). Plaintiff's lack of diligence in pursuing discovery does not weigh favorably on his motion for reconsideration. That Plaintiff is now unsatisfied with Defendants' discovery responses does not establish that the Court's denial of his untimely request would result in manifest injustice, and is not sufficient grounds for reconsideration.

Accordingly, Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the motions at ECF Nos. 58 and 61.

Notwithstanding this order, the parties shall continue to address general pre-trial matters, including issues regarding discovery, to the Honorable Debra C. Freeman. ECF No. 56.

SO ORDERED.

Dated: December 17, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge