UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
EDDY TOUSSAINT,

       Plaintiff,

-against-

THE CITY OF NEW YORK, THE
DEPARTMENT FOR THE AGING, CARYN
RESNICK, SAL RULLAN, JOHN DOE(S) and
JANE DOE(S) (names currently unknown), each
in his/her official and individual capacities,

       Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/14/2020_

19 Civ. 1239 (AT)

**ORDER**

ANALISA TORRES, District Judge:

  Plaintiff, Eddy Toussaint, brings this employment discrimination action against Defendants, the City of New York, the New York City Department for the Aging ("DFTA"), Caryn Resnick, Sal Rullan, and John and Jane Does, alleging racially disparate treatment, racially disparate impact, conspiracy, and other claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.*, and the New York City Human Rights Law, N.Y.C Admin. Code §§ 8-101, *et seq.* *See* Compl. ¶¶ 37–76, ECF No. 39. Specifically, Plaintiff, who is Black, alleges that he was not promoted within the Information Technology Unit within DFTA because of his race. *Id.* ¶¶ 4, 29. Now before the Court is Plaintiff's motion for reconsideration, Pl. Mot., ECF No. 67, of the Court's order dated June 29, 2020 granting Defendants' motion to dismiss the complaint for failure to state a claim. June 29 Order, ECF No. 66. For the reasons stated below, Plaintiff's motion for reconsideration is DENIED.

**DISCUSSION**

 I. <u>Legal Standard</u>

  Motions for reconsideration are governed by Rule 59 of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, and are entrusted to the "sound discretion" of the district court. *Davidson v. Scully*, 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001) (internal quotation marks and citation omitted). A court may grant a motion for reconsideration "to correct a clear error of law or prevent manifest injustice." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal quotation marks and citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

To that end, a party "may not use a motion under Rule 6.3 to advance new facts, issues or arguments not previously presented to the court." *McGee v. Dunn*, 940 F. Supp. 2d 93, 100 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." (internal quotation marks and citation omitted)). The burden rests with the party seeking reconsideration to "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Davis v. Gap, Inc.*, 186 F.R.D. 322, 324 (S.D.N.Y. 1999).

II.   Analysis

Plaintiff asks that the Court reconsider the dismissal of the Title VII disparate impact claim for failure to exhaust administrative remedies, the dismissal of certain claims as time-barred, and the dismissal of Plaintiff's disparate treatment claims. Pl. Mot. at 3–4. The Court addresses each request in turn.

First, as the Court explained in its June 29 Order, a disparate impact claim under Title VII requires a plaintiff to demonstrate that "a facially neutral employment policy or practice has a significant disparate impact" in a workplace. *Byrnie v. Town of Cromwell*, 243 F.3d 93, 111 (2d Cir. 2001) (internal quotation marks and citation omitted); *see* June 29 Order at 4–5. Plaintiff's charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC"), however, alleges only that "there is a pattern and practice by [his] agency to select non-Black employees who are assigned to the help desk for career advancing projects and training." ECF No. 43-1. That allegation does not specify a "facially neutral employment policy or practice"; it specifies a race-biased one. Though the EEOC charge includes the words "policy or practice," "it is the substance of the charge and not its label that controls" when determining whether an EEOC complaint raises claims "reasonably related" to a federal court action. *Alonzo v. Chase Manhattan Bank, N.A.*, 25 F. Supp. 2d 455, 458 (S.D.N.Y. 1998). Here, the substance of the EEOC charge is that Plaintiff and other Black employees were treated differently on the basis of race—a disparate treatment claim.

Plaintiff's argument on reconsideration that he alleges a disparate impact claim by virtue of claiming a "pattern and practice of not promoting more th[a]n one Black employee," Pl. Mot. at 3, continues to reflect a misunderstanding of the doctrine. The Court considered the EEOC charge and concluded that it did not identify a facially neutral policy required to fairly raise a disparate impact claim. *Martin v. Coinmach Corp.*, No. 15 Civ. 8137, 2016 WL 6996182, at *4 (S.D.N.Y. Nov. 29, 2016) ("[T]he plaintiff should identify a 'facially neutral' policy or practice—that is, a policy or practice that applies equally to individuals regardless of their race, color, religion, sex, or national origin, and was 'adopted without discriminatory intent,'—that, in fact, causes a disparate impact on a protected class." (quoting *Watson v. Fort Worth Bank and Trust*, 487 U.S. 977, 990 (1988)). Reconsideration will not, therefore, be granted on this basis.

Second, Plaintiff presents no grounds to disturb the Court's conclusion that, under controlling Supreme Court and Second Circuit law, the continuing violations doctrine is inapplicable to Plaintiff's claims. *See* June 29 Order at 5–8; Pl. Mot. at 3–4. In *National*

*Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 (2002), the Supreme Court explained that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." A "discrete discriminatory act" includes a "failure to promote." *Id.* at 114. The Supreme Court in *Morgan* drew a distinction between related "discrete discriminatory acts," such as failure-to-promote claims—which are not subject to the continuing violation doctrine—and hostile work environment claims, which are subject to the doctrine. *Id.* at 115. Of course, even where the continuing violations doctrine does not apply, the Court may still consider "background evidence from outside the limitations period." *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 146 (2d Cir. 2012). The June 29 Order did not foreclose the consideration of such background evidence should Plaintiff state a claim for failure to promote. However, reconsideration of the Court's rejection of the continuing violations doctrine is not warranted.

Last, Plaintiff asserts, in a single sentence, that reconsideration of the Court's dismissal of the disparate treatment claims is warranted "because the Plaintiff does indicate that the promotions were conditioned upon the trainings based upon the exhibits that were attached." Pl. Mot. at 4. The Court fully considered those exhibits in dismissing the complaint. June 29 Order at 3–4. The burden rests with Plaintiff to "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Davis*, 186 F.R.D. at 324. Plaintiff has not done so. *See also Davey v. Dolan*, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007) ("A motion for reconsideration is not a motion to reargue those issues already considered . . . ." (internal quotation marks and citation omitted)). In any event, having again reviewed the exhibits, the Court concludes the contents do not warrant reconsideration.

As the Court explained in its June 29 Order, the complaint does not allege that the individual ultimately chosen for the promotion, who is not Black, was unqualified for the position. June 29 Order at 11. The complaint also does not allege the qualifications of Plaintiff's colleagues who, like Plaintiff, are Black and were not selected for the promotion, such as whether they passed the examination for the position, what their scores were, and where they ranked on the examination list. *Id.* The Court also found that Plaintiff had not adequately alleged how the trainings, which Plaintiff claims he was not provided, were connected to the promotion he sought and whether he requested such trainings and were denied them. *Id.* at 11–12. As the Court stated in its June 29 Order, Plaintiff may address these deficiencies in an amended pleading.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is DENIED. The deadline for Plaintiff to file any amended complaint is extended to **August 4, 2020**.

The Clerk of Court is directed to terminate the motion at ECF No. 67.

SO ORDERED.

Dated: July 14, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge