

June 15, 2021

**BY ECF**
Honorable Magistrate Judge Debra Freeman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re: <u>Eddy Toussaint v. City of New York, et al.</u>
           Docket No. 19 CV 1239 (AT)(DF)[related to 20-cv-8248 & 20-cv-9143]

Dear Magistrate Judge Debra Freeman

    I am the attorney for the Plaintiff Eddy Toussaint in the above-referenced action. Pursuant to this Court's Individual Practices, I write to request permission for Plaintiff to file an omni-bus motion requesting the following relief:
1) Leave to amend the complaint;
2) Motion for Consolidation;
3) Leave to serve a late summons and amended complaint; and a
4) Motion to Re-Open Discovery

### A. Background

    Plaintiff, an employee of the City of New York with its New York City Department for the Aging ("DFTA"), brings this action pursuant to (1) the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; (2) 42 U.S.C. § 1981; (3) 42 U.S.C. §1983; (4) 42 U.S.C. § 1986; (5) New York State Human Rights Law ("SHRL"), New York Executive Law §§ 290, et seq.; and (6) the New York City Human Rights Law ("CHRL"), New York City Administrative Code §§ 8-101, et seq. Plaintiff, who self-identifies as a black, African American, was discriminated against on the basis of race, contending that he had not been promoted within the Information Technology Unit ("IT Unit") of DFTA for many years until recently due to his race. The Plaintiff was discriminated against with the delay in his promotion and was consistently not provided with training opportunities that were given to his colleagues who were not in his protective class. Throughout his employment at DFTA Plaintiff also had to consistently deal with the discrimination of his colleagues who are both plaintiff's in the above referenced related cases.

### B. Leave to Amend the Complaint

    The standards applicable to a motion to amend a pleading are well settled and require only brief review. Leave to amend a pleading should be freely granted when justice so requires.

  



**Law Office of**
**Zachary D. Gaynor, Esq.**
🌐 zackgaynor.com

Fed.R.Civ.P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir.2007); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.,* 404 F.3d 566, 603–04 (2d Cir.2005); *Dluhos v. Floating & Abandoned Vessel, Known as "New York",* 162 F.3d 63, 69 (2d Cir.1998); *Gumer v. Shearson, Hammill & Co.,* 516 F.2d 283, 287 (2d Cir.1974).

    The Plaintiff is requesting the Court's permission to file a motion for leave to Amend the Complaint so that additional information can be added to the Complaint in order to ensure all of Plaintiff's claims are clearly articulated within one precise document saving time and paper work for all parties as well as the Court. Plaintiff would like the opportunity to provide a more formal motion with a memorandum of law regarding this request to explain to the Court why the Plaintiff believes it would be in the best interest of justice to grant him this request.

    **C. Leave to Consolidate the Case**

    Rule 42(a) permits a court to consolidate multiple actions where they involve "common issues of law or fact," Fed.R.Civ.P. 42(a), district courts have "broad discretion" to balance "considerations of judicial economy" when resolving motions for consolidation . *See, e.g., Weiss v. Friedman, Billings, Ramsey Group, Inc.*, No. 05 Civ. 4617(RJH), 2006 WL 197036, at *1 (S.D.N.Y. Jan. 25, 2006) *Borrero v. Ruppert Housing Co., Inc.*, 08 CV 5869 (HB), at *3 n.4 (S.D.N.Y. June 19, 2009). *Garber* itself suggests that when, as here, the constituent complaints sought to be consolidated are substantially identical, proceeding for pretrial purposes under a consolidated complaint is appropriate. *Garber* acknowledges that " [t]here may be circumstances, e.g., the existence of substantially complete identity between the claims and defenses in all actions, where a consolidated complaint would be appropriate." *Garber,* 477 F.2d at 717 *In re Prudential Securities Inc. Ltd. Partnerships Litigation*, 158 F.R.D. 562, 570-73 (S.D.N.Y. 1994)

    The two related cases in this matter all have common issues of law or fact that would make a consolidation of this case with the other two cases something that would be in the best interest of expediting all three matters with one trial. The Amended Complaints filed in almost all three cases are very similar to each other and each complaint filed for the three respective cases contains very identical factual information regarding the history of the case. On May 10, 2021 a conference was held in the related cases and Counsel Plaintiff informed Judge Analisa Torres that he intended to file a motion to consolidate within two weeks of that date. The Plaintiff would like an opportunity to file a motion regarding this with an accompanying memorandum of law to detail the extent to why he believes this would be in the Court's best interest to do so.

    **D. Leave to Serve a Late Summons and Amended Complaint on the Individual Defendants**







**Law Office of
Zachary D. Gaynor, Esq.**
🌐 zackgaynor.com

In order for this Court to exercise jurisdiction, "the procedural requirement of service of summons must be satisfied." <u>Omni Capital Int'l. Ltd. V. Rudolf Wolff & Co.,</u> 484 U.S. 97, 104 (1987).  An extension of the deadline is mandatory if good cause is shown for the failure. Further, even in the absence of good cause, a court may in its discretion extend the deadline and "order that service be made within a specified time." *Id.* The existence of good cause turns on three factors: (1) whether "a reasonable effort to effect service has occurred. " (2) whether "the plaintiff has moved for an enlargement of time to effect service under Rule 6(b) of the Federal Rules of Civil Procedure," and (3) whether there has been "prejudice to the defendant." <u>Echevarria v. Dep't of Corr. Servs.</u> 48 F. Supp 2d 388 (S.D.N.Y. 1999).

Relevant considerations when granting an extension include "(1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant would be prejudiced by extending plaintiff's time for service." <u>DeLuca v. AccessIT Group, Inc.,</u> 695 F. Supp. 2d at 66 (S.D.N.Y. 2010).

In her motion to dismiss the Second Amended Complaint, the Defendant argues that because Kamlesh Patel and Jack Rizzo were not served with a summons and the Second Amended Complaint in this action, that the case should be dismissed against them because this Court lacks personal jurisdiction over the defendant. <u>See</u> ECF Dkt. No. 104, pg. 7.  On January 19, 2021, the Plaintiff informed the Court through the Reply to the Motion to Dismiss that we intend to seek the Courts permission to file a motion for an extension of time to serve the

### E.  Leave to Re-Open Discovery

Where, as here, a party is seeking to re-open discovery , the party bears the burden of showing good cause. *See* *Bakalar v. Vavra* , 851 F.Supp.2d 489, 493 (S.D.N.Y. 2011). Courts also consider (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence. *Id.* at 493.  *Bridgeforth v. City of N.Y.*, 286 F. Supp. 3d 629, 632 (S.D.N.Y. 2017).

It has come to the attention of the Plaintiff that all the information that was requested initially was not provided to the Plaintiff as previously believed.  Since the close of discovery the Plaintiff has come to learn that Sal Rullan was in fact reprimanded by DFTA staff members for his discriminatory behavior and it is believed that a negative employment action was taken against him based upon his prior actions towards the Plaintiff.  For these reasons and because of the other cases which the Plaintiff seeks to have Consolidated with this case, the Plaintiff would like the opportunity to re-open discovery in this matter regarding some of the issues regarding actions taken by the Defendant against Sal Rullan.  If Your Honor permits the filing of this motion the Plaintiff will address the Good Faith Certificate required by your Honor at that time.

### F.  Conclusion


718 300-0520 (Office)
(516) 478-4158 (Fax)


zack@zackgaynor.com


52 North Franklin Street,
Hempstead NY 11550



**Law Office of**
# Zachary D. Gaynor, Esq.
🌐 zackgaynor.com

    The Plaintiff would like the opportunity to present the procedural history in more detail through the filing of a more formal motion with an accompanying memorandum of law for the relief requested.  Considering the numerous applications being made within this anticipated motion, the Plaintiff is requesting that the Memorandum of Law with respect to this motion be able to exceed 25 pages.

                                            Respectfully submitted

                                            */s/ Zachary D. Gaynor, Esq.*
                                            Zachary D. Gaynor, Esq.,
                                            *Attorney for the Plaintiff*

Encl.
cc:  Dominique F. Saint-Fort, Esq, (via email)
     Assistant Corporation Counsel, Law Department
     *Attorney for the Defendants*
     100 Church Street,
     New York, NY 10007
     (212) 356-2444
     dosaint@law.nyc.gov

---

First, to the extent Plaintiff is requesting that this action be consolidated with two related actions, any such application should be directed to Judge Torres, and made in accordance with her Individual Rules of Practice. Second, to the extent Plaintiff is seeking leave to serve a late summons on either defendant Rizzo or Patel, the motion is denied, in light of the Court's Order of 9/27/21, finding that Plaintiff had not shown good cause for his prior failure to serve these defendants, and accordingly dismissing his claims against them for lack of personal jurisdiction.  Third, to the extent Plaintiff is seeking to reopen discovery, that motion is denied as well, as Plaintiff has not demonstrated good cause for such relief, under Fed. R. Civ. P. 16(b).  Finally, to the extent Plaintiff is seeking leave to file a third amended complaint, he should file a proper motion to amend, attaching his proposed amended pleading, and explaining both the nature of the amendment he wishes to make and why he has good cause for not having sought that particular amendment within the deadlines previously set by the Court.  In light of these rulings, the Clerk of Court is directed to close all of the motions filed at Dkt. 111.

SO ORDERED

*[signature]*
DEBRA FREEMAN
United States Magistrate Judge

                                            Dated:  10/13/2021



