USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/31/2023__



**SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**BRUCE ROSENBAUM**
Labor & Employment Law Division
(212) 356-2437
brosenba@law.nyc.gov

January 30, 2023

**BY ECF**
Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:  <u>Marlena Latif v. City of New York, et al.</u>
             Docket No. 20 CV 08248 (AT) (VF)] [related to 19 CV 1239 (AT) (VF)]

Dear Judge Torres:

        I am an Assistant Corporation Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Defendants in the above-referenced action. Pursuant to the Court's Individual Practices, Defendants submit this letter to request a pre-motion conference to discuss their anticipated motion to dismiss the Second Amended Complaint ("SAC") pursuant to Rule 12(b) of the Federal Rules of Civil Procedure ("FRCP"). In accordance with this Court's rules, the parties have exchanged pre-motion letters. As with Plaintiff's Original Complaint and First Amended Complaint, Plaintiff has again not overcome any of the continued pleading deficiencies outlined in Defendants' pre-pre-motion letter regarding her SAC. Defendants note that in her response to Defendants' pre-pre-motion letter, Plaintiff appears to concede that she doesn't have viable § 1981 claims, §§ 1983/1985/1986 conspiracy claims or viable claims under Title VII or the ADEA against the individually named defendants.[1]

**A.    Background**

        Plaintiff, a Computer Associate (Software), level 1, employed by the City of New York with the New York City Department for the Aging ("DFTA"), and promoted to that

---

[1] In her response to Defendants' pre-pre-motion letter, Plaintiff annexed a copy of a proposed Third Amended Complaint. After review of the proposed edits to the SAC set forth therein, Defendants believe that the filing of this proposed Third Amended Complaint would be futile as it fails to cure the deficiencies identified by Defendants in their pre-pre-motion letter and herein.

position in 2018, brings this action claiming race discrimination pursuant to Title VII of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1983, 1985, 1986; New York State Human Rights Law ("SHRL"), New York Executive Law §§ 290, et seq.; and the New York City Human Rights Law ("CHRL"), New York City Administrative Code §§ 8-101, et seq.  Plaintiff also claims age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, retaliation under Title VII, and alleges a claim under the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d).

Plaintiff alleges that, throughout her employment, she sent numerous emails to her supervisor, defendant Rullan, and other DFTA staff members regarding her concerns inquiring how she would be able to obtain a promotion and was repeatedly told that she should seek employment at another City Agency if she wanted any upward mobility.  See ECF Dkt. No. 115, ¶ 24, 35.  Plaintiff states that, in October 2005, she was sexually assaulted by an male staff member at DFTA and reported the incident to EEO.  See id. ¶¶ 27-29.  Plaintiff contends that, soon after she filed a complaint about the alleged sexual assault, she was reassigned to work in the "field" for what she believed would be two weeks, but what ultimately became five years.  See id. ¶ 30.  Plaintiff claims that former DFTA supervisor Frank Guglielmo informed her that she was reassigned because "no one likes her here."  See id. ¶ 31.  On August 16, 2009, the entire IT Unit of DFTA was administratively transferred to the NYC Human Resources Administration ("HRA") during a re-organization of DFTA's function.  See id. ¶ 37.  Plaintiff alleges that she received a raise on the reassignment because she was the lowest paid technician in DFTA.  See id. ¶ 37.

After the IT unit was reassigned back from HRA to DFTA in 2016, see id. ¶ 38, Plaintiff alleges that she explained to Mr. Rullan in 2018 that she would like to be chosen off some unspecified civil service list, and that she would like a pay increase.  See id. ¶ 58.  She alleges that Rullan said he would be able to give her the position of Computer Associate (Software) with a $4000 raise in salary which was to a "lower title" than some other unspecified title.  Plaintiff in fact received the promotion to Computer Associate (Software).  See id. ¶ 9.  She alleges that, shortly thereafter, an Asian-American co-worker received a promotion to Computer Specialist and $18,000 raise.  She does not allege that she had applied for that Computer Specialist position at the time or that she was on the list from which the Asian-American co-worker was selected.  See id. ¶ 58.  Finally, Plaintiff alleges that, on or about June 7, 2021, she was giving a presentation in front of 200 city employees on IT issues related to Microsoft Outlook when Michael Ognibene interrupted her presentation in what she claims was an insulting manner after there was a very short delay in the projection during the presentation.  See id. ¶ 111.

**B.    Plaintiff Failed To Exhaust Her Administrative Remedies Under Title VII And The ADEA And Certain Claims Are Time-Barred**

For the first time, Plaintiff now alleges that she filed a Charge of Discrimination with the EEOC.  It appears that the charge was filed on February 14, 2022 and that a right to sue letter was issued on February 15, 2022.  However, her charge asserts vague and conclusory allegations about alleged discriminatory treatment by DFTA on the basis of race and age transpiring in June 2021 and no allegations of retaliation.  Plaintiff has failed to exhaust her administrative remedies with respect to any claim not deemed reasonably related to the vague

allegations in the charge and to the extent that she also relies inappropriately on her co-worker Mr. Eddy Toussaint's EEOC charge. Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 83 (2d Cir. 2001) (After presenting his or her claims to the EEOC, a plaintiff can then raise in the federal court complaint "only those claims that either were included in or are 'reasonably related to' the allegations contained in the EEOC charge."). Also, any title VII/ADEA claims accruing prior to April 20, 2021 (300 days before February 14, 2022) are time-barred.

Moreover, Plaintiff's claims under 42 U.S.C. § 1983, the SHRL and CHRL and the EPA (three years for "willful" acts, two years for non-willful acts) have a statute of limitations of three years. Thus, Plaintiff's claims prior to October 13, 2017 (when she tried to commence this action) are time-barred. Further, the continuing violations doctrine is inapplicable to the discrete acts alleged in this action, such as failure to promote. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 111-112 (2002).

C.   **The SHRL, CHRL, EPA and § 1983 Claims Should Be Dismissed Against The Individually Named Defendants For Lack Of Personal Involvement**

Here, with the possible exception of defendants Rizzo and Rullan, Plaintiff fails to plausibly allege that the individually named defendants directly supervised Plaintiff's employment or had any power to do more than carry out the personnel decisions of others or merely approve them or that they had substantial authority over personnel and compensation matters. Thus, all claims should be dismissed as against them.

D.   **Plaintiff Fails To Plausibly Plead A Claim of Race or Age Discrimination Or Retaliation**

Plaintiff contends that Defendants discriminated against her on the basis of race and age in violation of Title VII, ADEA, § 1983, and the SHRL and the CHRL. Discrimination under these statutes are analyzed using the burden shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Here, Plaintiff generally complains that others in the IT department have received promotions to various different titles at different times but that Plaintiff did not receive similar promotions. See ECF Dkt. No. 115, ¶¶ 41, 58, 60, 81. The SAC, however, fails to contend that other DFTA employees who received transfers or promotions were unqualified for the change in position status or for the promotion. Plaintiff appears to claim that she was more qualified than others merely on the basis of seniority with DFTA, see id. ¶ 21, not based upon her academic achievement, IT certifications and specific skill sets. Moreover, the SAC alleges that she was, in fact, promoted in 2018 to Computer Associate (Software). Plaintiff also points to two other African American employees in the IT unit (both of whom have brought their own lawsuits and are represented by Plaintiff's counsel) who she claims have not been promoted and asserts, without factual support and in a conclusory fashion, that those employees were not promoted due to race discrimination in an inappropriate effort at group pleading to bolster her claims.

Likewise, Plaintiff fails to plausibly plead a claim of age discrimination. Plaintiff contends that she was more experienced than younger colleagues who received a change in position. However, Plaintiff does not show that any of the Asian-American employees she identifies who received a change in position status or promotion were unqualified or significantly less qualified than Plaintiff. Plaintiff's SAC does not even state her age or identify anyone

significantly younger than her who was granted a promotion for which Plaintiff was eligible. She ultimately fails to provide factual support to suggest any causal relationship between her age and her non-promotion.

With regard to training, Plaintiff states that other employees were sent out for training and, thus, were being prepared for promotion. However, Plaintiff fails to state whether she requested any such training and was denied, or whether such training was required for promotion to any position for which she applied. Plaintiff's SAC provides no facts to plausibly support a claim of either age or gender discrimination. Similarly, Plaintiff's hostile work environment claims under Title VII, ADEA, § 1983, SHRL, and CHRL also fail for the same reason her disparate treatment claims fail. In addition, Plaintiff's claim that Mr. Ognibene made an comment in June 2021 that she perceived as insulting after there was an equipment delay during a presentation she gave on IT issues related to Microsoft Outlook fails to plausibly plead that the comment was motivated by race or age animus or that the remark rose to the level of an actionable adverse action. See id. ¶ 111. Plaintiff's alleged claim of retaliation under Title VII, see ECF Dkt. No. 115, ¶¶ 199-205, fails to state a plausible claim, is time-barred and, in any event, must be dismissed for failure to exhaust administrative remedies under Title VII.

E.   **Plaintiff Fails To Plausibly Plead A Claim of Disparate Impact**

Plaintiff fails to make the required prima facie showing by plausibly stating that a facially neutral practice had a disproportionate effect on a protected class. Instead, the SAC states in a conclusory fashion that the DFTA evaluation procedure is a policy that exists which is discriminatory against African-Americans, without demonstrating any causal connection between them. See ECF Dkt. No. 115, ¶¶ 62-76. The expert's analysis chart Plaintiff provides in her SAC by the "Noel Collective" is based on unspecified data, which fails to name, let alone link, a putative personnel practice to any denial of promotion or training. See ECF Dkt. No. 115 ¶ 101.

F.   **Plaintiff Fails To Plausibly Plead A Claim Under The Equal Pay Act**

Plaintiff fails to make the required prima facie showing that different wages were paid to employees of the opposite sex for equal work on jobs which required equal skill, effort, and responsibility performed under similar working conditions. See ECF Dkt. No. 115, ¶¶ 37, 77.

Accordingly, as Plaintiff has not overcome any of the pleading deficiencies outlined in the pre-pre-motion letter, Defendants request a pre-motion conference to discuss their proposed motion to dismiss the SAC and a possible briefing schedule.

Defendants' request for a pre-motion conference is DENIED. By **February 7, 2023**, Plaintiff shall respond to Defendants' pre-motion letter.

SO ORDERED.

Dated: January 31, 2023
   New York, New York

_____
ANALISA TORRES
United States District Judge